IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⟨illegible⟩ D.C.

05 JUN 14 AM 9: 08

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

TAMI BICKFORD, NEXT FRIEND OF
DAVID MICHAEL SPOON,

      Plaintiffs,

v.                                                                    No. 03-2953 BP

LAUDERDALE COUNTY,  TENNESSEE
et al.,

      Defendants.

---

ORDER DENYING DEFENDANT TODD WHITE'S MOTION TO DISMISS
AND DEFENDANT LAUDERDALE COUNTY'S MOTION FOR SUMMARY
JUDGMENT AND DISMISSING DEFENDANT JOHN DOES 1-10 AND
PLAINTIFF'S EQUAL PROTECTION CLAIM

---

This lawsuit was brought under 42 U.S.C. § 1983 by the Plaintiff, Tami Bickford, as a next

friend of David Michael Spoon, on December 18, 2003 alleging that the Defendants[1] violated

Spoon's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

Pending before the Court are a motion to dismiss by Defendant, Todd White, under Rule 12(b)(6)

---

[1] Plaintiff initially sued Lauderdale County, Tennessee, Lauderdale County School System, Jimmy Douglas, Todd White, Phillip Morris, Lauderdale County Sheriff's Department, Lauderdale County Juvenile Court, City of Ripley Police Department, and John Does 1-10. Following settlement negotiations, the only Defendants remaining in this case are Lauderdale County, Todd White, Phillip Morris, and John Does 1-10.  However, because the Plaintiff has not made any effort to amend the complaint to identify John Does 1-10 and has not alleged a cause of action with respect to any unknown Defendants, the Court dismisses John Does 1-10 without prejudice as service of process and, by extension, the institution of a lawsuit, cannot be effected on fictitious persons.  Furthermore, the Plaintiff is advised that bringing a complaint against John Doe defendants does not toll the statute of limitations as to those parties.  See Cox v. Treadway, 75 F.3d 230, 240 (6th Cir.), cert. denied, 519 U.S. 821, 117 S.Ct. 78, 136 L.Ed.2d 37 (1996); Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1028 (6th Cir. 1968), cert. denied, 394 U.S. 987, 89 S.Ct. 1468, 22 L.Ed.2d 763 (1969).



of the Federal Rules of Civil Procedure and a motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, by Defendant, Lauderdale County.  As Bickford has responded to both motions, they are now appropriate for disposition.

<u>FACTS</u>

Bickford's son, David Spoon, is a biracial child who has special social and educational needs. (Compl. at 1.)  In 2002, Spoon began living with his grandmother, Esta Rucker, in Ripley, Lauderdale County, and attended a school in the county. (Compl. at 2.)  On December 18, 2002, according to the Plaintiff, two teachers mocked Spoon's biracial heritage which provoked an outburst by the child toward Carole White, a school teacher. (Compl. at 2.)  As a result of the incident, former Defendant, Jimmy Douglas, who was the principal of the school, transported Spoon from the school to the home of his aunt, Kathryn Glass. (Compl. at 2; Def. Lauderdale County's Statement Undisputed Material Facts ("County's Statement") at 1.)

Several hours after Spoon was taken to his aunt's house, Defendants Phillip Morris, a Lauderdale County Juvenile Court investigator, and Todd White, a civilian and the husband of Carole White, went to the residence, presented themselves as law enforcement officers, and placed Spoon in an "official" vehicle. (Compl. at 3; County's Statement at 2-3.)  According to Bickford, White and Morris verbally and physically assaulted the child saying, "You little black m----- f-----, the woman you were going after was my wife" and "I'm going to kill your little black a--, boy" and "You can tell your brother, Tyrone, too, 'I'll hunt you down and kill you.'" (Compl. at 3.) Additionally, Morris allegedly said, "Look here, boy, we don't play here in Ripley.  If you don't believe me, just ask 'Sixty-Nine.'  They sent you here from Arkansas because you were f------ up and you're f------ up here and I'm going to beat your black a--." (Compl. at 4.)  Based on this conduct,

Plaintiff initiated the present suit to recover damages against the Defendants for alleged violations of his rights to be free from unreasonable seizure and excessive force under the Fourth Amendment and to equal protection under the Fourteenth Amendment.

STANDARD OF REVIEW

Rule 12(b)(6) permits the dismissal of a lawsuit for failure to state a claim upon which relief could be granted. Fed. R. Civ. P. 12(b)(6). The Rule requires the court to "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief." Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998). A complaint need not "anticipate every defense and accordingly need not plead every response to a potential defense." Memphis, Tenn. Area Local, Am. Postal Workers Union v. Memphis, 361 F.3d 898, 902 (6th Cir. 2004). The court's narrow inquiry on a motion to dismiss under Rule 12(b)(6) "is based upon whether the claimant is entitled to offer evidence to support the claims, not whether the plaintiff can ultimately prove the facts alleged." Osborne v. Bank of Am., Nat'l Ass'n, 234 F. Supp. 2d 804, 807 (M.D. Tenn. 2002) (citations and internal quotations omitted).

Federal Rule of Civil Procedure 56 states in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir. 1988). In reviewing a motion for summary judgment, the evidence must be viewed in the light

3

most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 324, 106 S.Ct. at 2553. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co.</u>, 475 U.S. at 586, 106 S.Ct. at 1356. These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). The "judge may not make credibility determinations or weigh the evidence." <u>Adams v. Metiva</u>, 31 F.3d 375, 379 (6th Cir. 1994).

ANALYSIS

I. <u>Defendant White's Motion to Dismiss</u>

White argues that Bickford's claim should be dismissed because private citizens generally cannot be held liable under 42 U.S.C. § 1983. Additionally, Defendant contends that the complaint fails to state a claim for relief, and even assuming it did, White enjoys qualified immunity from suit because his actions were taken in good faith. Each of these arguments will be addressed in turn.

A. *Liability of Private Individuals Under § 1983*

Because Todd White is not employed by the state, he is a private citizen for purposes of liability under § 1983. However, "[p]rivate persons may be held liable under § 1983 if they willfully participate in joint action with state agents." <u>Memphis, Tennessee Area Local</u>, 361 F.3d at 905 (citing <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980); <u>United States</u>

4

v. Price, 383 U.S. 787, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966); Hooks v. Hooks, 771 F.2d 935, 943 (6th Cir. 1985)). In Moore v. City of Paducah, 890 F.2d 831, 834 (6th Cir. 1989), the Sixth Circuit held that persons who conspire with state officials to deprive individuals of their federally-protected rights may be held liable pursuant to § 1983. Here, Plaintiff has alleged that White rode with Morris, a state actor, to the residence where Spoon was located and presented himself as a law enforcement officer while placing the child in the car. (Compl. at 3.) Viewing the complaint in the light most favorable to the Plaintiff, the Court determines these allegations are sufficient to establish that White conspired with a state official. Thus, the Court concludes that White could be held liable under § 1983.

### B.  Whether the Complaint States a Claim for Relief Under § 1983

Section 1983 imposes liability on any "person who, under color of any statute, ordinance, regulation, custom or usage, of any State" subjects another to "the deprivation of any rights, privileges, or immunities secured by the Constitution or laws." 42 U.S.C. § 1983. A § 1983 plaintiff must establish "(1) that there was the deprivation of a right secured by the Constitution and (2) that the deprivation was caused by a person acting under color of state law." Wittstock v. Mark A. Van Sile, Inc., 330 F.3d 899, 902 (6th Cir. 2003). According to White, "[t]he complaint reveals no specific factual allegations that would show or enable the Court to determine how the Defendant, Todd White, acted under color of law, or how or in what manner he is alleged to have verbally and physically assaulted the Plaintiff."[2] (Mem. Supp. Def.'s Mot. Dismiss at 5.) White makes two

---

[2] White appears to be challenging the sufficiency of the complaint only with respect to Plaintiff's claim under the Fourth Amendment. In her complaint, however, Bickford also asserts a violation of the Equal Protection Clause under the Fourteenth Amendment based on Spoon's biracial status. However, after reviewing the complaint, the Court concludes that it contains no facts which could constitute a Equal Protection violation. The clause protects against

separate arguments. First, he asserts that there has been no action taken under color of state law as required by § 1983, and second, he submits that the complaint fails to allege a constitutional violation under the second requirement for a § 1983 claim. As the County's primary argument in support of its motion for summary judgment is that White and Morris' conduct does not constitute state action, the first part of White's position will be addressed in conjunction with Lauderdale County's contentions.

With respect to the merits of Bickford's Fourth Amendment claim, the Court finds the Defendant's position unpersuasive. At this juncture, the complaint must be viewed in a favorable light to the Plaintiff. As well, Bickford's allegations are to be taken as correct. Rule 12(b)(6) requires only a determination by the Court of whether the Plaintiff could present no facts to support her claim for relief. See Grindstaff, 133 F.3d at 421.

In the complaint, Plaintiff has alleged that White accompanied Morris to Spoon's residence whereupon both Defendants placed Spoon in their vehicle and made racially threatening remarks towards him. (See Compl. at 3-4.) Such conduct could be found violative of the Fourth

---

constitutionally unequal treatment based on race by a law enforcement officers independent of the Fourth Amendment's protection against unreasonable searches and seizures. See Cunningham v. Sisk, No. 03-6640, 2005 WL 1285649, at *3 (6th Cir. May 18, 2005). To prevail on a claim of selective enforcement, a plaintiff must establish (1) an official singled out a person belonging to an identifiable group, such as race or religion, while treating others differently who are similarly situated but not part of the same group; (2) the officer enforced the law with a discriminatory purpose; and (3) the singling out must have had a discriminatory effect on the group to which the plaintiff belongs. United States v. Anderson, 923 F.2d 450, 453 (6th Cir. 1991) (applying a three-part test to determine whether a person was subjected to selective prosecution). As the complaint says nothing about the Defendants' treatment of other similarly situated individuals, it fails to satisfy the first element of a selective enforcement claim under the Equal Protection Clause. See Cunningham, No. 03-6640, 2005 WL 1285649, at *3 (finding that the plaintiff had "proffered nothing to suggest that similarly situated people (speeders) of different races were treated differently" and dismissing the claim). Thus, the Court sua sponte DISMISSES Bickford's Equal Protection claim.

Amendment.  See Payton v. New York, 445 U.S. 573, 584, 100 S.Ct. 1371, 1379, 63 L.Ed.2d 639

(1980); Welsh v. Wisconsin, 466 U.S. 740, 749-50, 104 S.Ct. 2091, 2097-98, 80 L.Ed.2d 732

(1984).  The Fourth Amendment, which applies to the states through incorporation by the Fourteenth

Amendment, protects "the right of the people to be secure in their persons, houses, papers, and

effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  These protections

apply equally to civil and criminal cases.  Daughenbaugh v. City of Tiffin, 150 F.3d 594, 598 (6th

Cir. 1998).  Here, Bickford has presented specific facts describing how Spoon's rights against

unreasonable seizure and excessive force were violated.  Accordingly, based on the allegations

contained in the complaint, the Court concludes that Defendant's Rule 12(b)(6) motion to dismiss

for failure to state a claim is not well taken.

### C.  Whether White Enjoys Qualified Immunity From Suit

Defendant insists that he is immune from § 1983 liability because he acted in good faith.

However, cases in this Circuit have determined that immunity is generally not available to private

individuals in a § 1983 action.  In Duncan v. Peck, 844 F.2d 1261, 1264 (6th Cir. 1988), the Sixth

Circuit considered a two-part test, established by the Supreme Court in City of Newport v. Facts

Concerts, Inc., 453 U.S. 247, 258, 101 S.Ct. 2748, 2755, 69 L.Ed.2d 616 (1981), to determine

whether providing immunity is consistent with the intent of § 1983.  "The first part [of the test]

requires the party claiming immunity to show that the immunity was recognized at common law.

The second part requires a showing of strong public policy reasons for granting such an immunity."

Duncan, 844 F.2d at 1264.  The court concluded that there was no evidence that private parties were

immune from suit at common law and that the various rationales for good faith immunity were

inapplicable to private parties.  Id.  As a result, in Duncan, the court held that qualified immunity did

7

not insulate from liability private citizens who violated the federal rights of others while resorting to state garnishment or prejudgment attachment procedures in pursuing their own personal interests. Id. at 1264-66.

The United States Supreme Court embraced the same position in Wyatt v. Cole, 504 U.S. 158, 168-69, 112 S.Ct. 1827, 1833-34, 118 L.Ed.2d 504 (1992), holding that private persons relying on state garnishment or prejudgment attachment statutes later found to be unconstitutional are not entitled to qualified immunity. The Court reasoned that the rationales in support of qualified immunity for government acts were "not transferable to private parties" because "private parties hold no office requiring them to exercise discretion; nor are they principally concerned with enhancing the public good." Id. at 167-68, 112 S.Ct. at 1833-34. Thus, the Court concluded that "extending [Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)] qualified immunity to private parties would have no bearing on whether public officials are able to act forcefully and decisively in their jobs" and "the public interest [would] not be unduly impaired if private individuals are required to proceed to trial to resolve their legal disputes." Id.

After Wyatt, the Sixth Circuit reaffirmed its position in McKnight v. Rees, 88 F.3d 417, 419-20 (6th Cir. 1996). Although altering its analysis by more thoroughly examining the nature of the functions of a particular official and applying a more functional approach in considering the facts of each case, the Sixth Circuit determined that correctional officers employed by private corporations in contract with the state were not entitled to qualified immunity. Id. at 420-21, 425; see also Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692 (6th Cir. 1996) (finding that private individuals enjoy no qualified immunity in a Bivens action).

8

Under the facts alleged in the complaint, White was accompanying a juvenile-court official in their interaction with Spoon.  (Compl. at 3.)  The Court finds that White's behavior toward Spoon–as a type of retaliation on behalf of his wife–was not the type of action which any public policy underpinning qualified immunity would justify.  See McNight, 88 F.3d at 420-21 ("we . . . [must] determine whether strong public policy reasons support the recognition of qualified immunity in particular cases").  The Defendant has not cited to any cases which suggest that a public policy would be promoted in allowing qualified immunity to shield liability for the acts in this case.  The Defendant has the burden of establishing that the Plaintiff has failed to state a claim for relief.  See Finch v. Hercules, Inc., 809 F. Supp. 309, 310 (D. Del. 1992).  Accordingly, viewing the complaint in the light most favorable to the Plaintiff, the Court concludes that White is not entitled to qualified immunity.

Nevertheless, the Court's ruling does not affect Defendant's right to assert a good faith defense which is unlike good faith immunity.  In Duncan, the court clarified the difference in stating that

> [w]e believe that the courts who endorsed the concept of good faith immunity for private individuals improperly confused good faith immunity with a good faith defense.  Good faith immunity is designed to protect defendants from the difficulties of defending a suit by dismissing the case before the parties have engaged in costly and time consuming discovery.  Since it is based on an objective standard, the issue can often be decided on the pleadings.  A good faith defense, on the other hand, is likely to be based in large part on the facts of the case, with the suit only being dismissed after trial, or on summary judgment if the defendant can show that there is no material dispute as to the facts.

Duncan, 844 F.2d at 1266 (footnotes omitted).  Thus, although the Court holds that White is not entitled to immunity, he remains free to assert a defense of good faith which must be considered by the jury.

9

II. Defendant Lauderdale County's Motion for Summary Judgment

Lauderdale County asserts that Defendant Morris did not act under color of state law, and

therefore, Plaintiff cannot satisfy that requirement for a suit under § 1983.[3] Defendant points to the

fact that at the time of the incident, Morris was off-duty and not authorized to detain, question, or

talk to Spoon. In doing so, Morris went beyond the scope of his employment and authority. (Def.

Lauderdale County's Mem. Law Supp. Its Mot. Summ. J. ("County's Mem.") at 6.)

In Monroe v. Pape, 365 U.S. 167, 184-85, 81 S.Ct. 473, 482-83, 5 L.Ed.2d 492 (1961),

overruled on other grounds by, Monell v. Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56

L.Ed.2d 611 (1978), the Supreme Court held that "[m]isuse of power, possessed by virtue of state

law and made possible only because the wrongdoer is clothed with the authority of state law, is

action taken 'under color of' state law." In Parks v. City of Columbus, 395 F.3d 643, 654 (6th Cir.

2005), the City of Columbus argued that there was no state action because the officer was off-duty

and acting under the directive of others. The Sixth Circuit found the city's arguments inconsistent

with applicable law, stating that "regardless of whether Officer Farr was on or off duty, he presented

himself as a police officer. We have held that 'a police officer acts under color of state law when he

purports to exercise official authority.'" Id. (quoting Memphis, Tennessee Area Local, 361 F.3d at

904). "It is the nature of the act performed, not the clothing of the actor or even the status of being

on-duty, or off-duty, which determines whether the officer has acted under color of law." Stengel

v. Belcher, 522 F.2d 438, 441 (6th Cir. 2001). Manifestations of official authority include "flashing

---

[3] The County additionally argued that it could not be held liable for any injuries caused by
the school because the Lauderdale County School System is a separate legal entity from
Lauderdale County. In her response, the Plaintiff conceded this fact. (See Resp. Mem. Supp.
Resp. Def. Lauderdale County's Mot. Summ. J. ("Pl.'s Resp.") at 2.)

a badge, identifying oneself as a police officer, placing an individual under arrest, or intervening in a dispute between third parties pursuant to a duty imposed by police department regulations." Memphis, Tennessee Area Local, 361 F.3d at 904 (citing Layne v. Sampley, 627 F.2d 12, 13 (6th Cir. 1980)).

In the present case, Lauderdale County stated in its motion that part of Morris' responsibilities included jailing any defendant as ordered by a judge and transporting juveniles whenever necessary. (County's Statement at 2.)  According to the Plaintiff, Morris, accompanied by White, went to Plaintiff's location and presented themselves as a law enforcement officers, taking Spoon into custody and placing him in a car.[4]  (Compl. at 3.)  The Court concludes that the nature of the Defendants' alleged conduct is sufficient to constitute action taken under color of state law for purposes of § 1983.  See Stengel, 522 F.2d at 441.  Moreover, the actions need not be authorized by Lauderdale County in order to be considered under color of state law.  See Monroe, 365 U.S. at 184-85, 81 S.Ct. at 482-83.  Like the court in Parks, this Court determines that the conduct of Morris was sufficient to constitute state action.  See Parks, 395 F.3d at 654 (finding the defendant acted under color of state law when he identified himself as a police officer even though he was off-duty at the time). Because the Court has determined that Morris acted under color of state law and that the complaint sufficiently alleged that White conspired with Morris, the Court concludes that White also acted under color of state law, satisfying the second requirement of a § 1983 claim.  Thus,

---

[4] In his answer, Morris states that at the time of this incident, he was acting as an officer of the Lauderdale County Juvenile Court and was carrying out the duties of his office in investigating the alleged assault by Spoon. (See Answer Phillip Morris ¶¶ 8, 13, 16, and 24.)

11

Lauderdale County's motion for summary judgment and Morris' motion to dismiss are DENIED.[5]

CONCLUSION

For the reasons articulated herein, White's motion to dismiss and Lauderdale County's motion for summary judgment are DENIED.  Additionally, the Court DISMISSES John Does 1-10 and Plaintiff's Equal Protection claim under the Fourteenth Amendment.

IT IS SO ORDERED this 13th day of June, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that a municipality may not be held liable solely on the basis of respondeat superior.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 166, 113 S.Ct. 1160, 1162, 122 L.Ed.2d 517 (1993). Instead, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of County Comm'rs of Bryan County, Okla. v. Brown, 520 U.S. 397, 403, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997) (citing Monell, 436 U.S. at 694, 98 S.Ct. at 2027).  Inasmuch as the County did not raise or brief the issue of whether it had a policy or custom which caused Plaintiff's injuries, the Court must reserve ruling on that question.

12

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 2:03-CV-02953 was distributed by fax, mail, or direct printing on June 14, 2005 to the parties listed.

---

Jim Waide
WAIDE & ASSOCIATES, P.A.
P.O. Box 1357
Tupelo, MS 38802

Charles M. Purcell
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

J. Barney Witherington
LAW OFFICE OF J. BARNEY WITHERINGTON IV
P.O. Box 922
Covington, TN 38019

J. Thomas Caldwell
CALDWELL & FITZHUGH
114 Jefferson Street
Ripley, TN 38063

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

David Michael Dunavant
CARNEY WILDER & DUNAVANT
Bank of Ripley Building
Ripley, TN 38063

Jennifer Craig
WALDROP & HALL
106 S. Liberty Street
P.O. Box 726
Jackson, TN 38302--072

Michael W. Whitaker
WHITAKER LAW FIRM
7054 Highway 64
Oakland, TN 38060

Michael E. Keeney
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Honorable J. Breen
US DISTRICT COURT